JULIA McDERMOTT, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office on the 13th day of April, 1909, and also from an order entered on the 3d day of May, 1909, denying a motion for a new trial.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that the trial court erred in holding that the plaintiff was guilty of contributory negligence as matter of law; that the evidence was sufficient to present a question of fact in that regard as well as upon the question of defendant's negligence. All concurred, except Foote, J., who dissented in a memorandum.

FOOTE, J. (dissenting): There was not sufficient evidence of defendant's negligence to entitle plaintiff to have that question left to the jury. The weather conditions prior to the day of the accident were not shown. The uneven condition of the icy surface of the walk was not shown to have been due to neglect. It may have been common to all or many of the walks in the city at that time because of weather conditions, and in spite of due diligence to keep them clean. (*Rogers* v. *City of Rome,* 96 App. Div. 427; *Hatch* v. *City of Elmira,* 142 id. 174; *Harrington* v. *City of Buffalo,* 121 N. Y. 147.)

Emma E. Helmer, Appellant, v. Charles Ames and Others, Respondents. — Judgment affirmed, with costs. All concurred.

Charles J. Bingemann, Respondent, v. International Railway Company, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. New trial to be had in Buffalo City Court on the 27th day of November, 1912, at ten o'clock in the forenoon. Held: *First,* that the temporary interruption of service on the Niagara street line did not entitle the plaintiff to use the transfer ticket issued to him for that line on the cars of other lines to reach the same destination. *Second,* that the acceptance of the transfer ticket by the conductor of the East Utica street car did not entitle plaintiff to a further transfer ticket to the West Utica street car. *Third,* that it does not appear from the evidence that defendant is the successor of any of the parties to the "Milburn Agreement" or is bound thereby. The allegations of the complaint in that respect were not admitted or proved. All concurred.

Warner Automobile Company, Appellant, v. Frank H. Edwards, Respondent.— Judgment affirmed, with costs. All concurred, except Robson, J., who dissented.

Frank Marx, Respondent, v. Ontario Beach Hotel and Amusement Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Lambert, J., who dissented.